UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

N.E.B., JR. (XXX-XX-5970)                 CIVIL ACTION NO. 11-cv-0641

VERSUS                                    JUDGE STAGG

U.S. COMMISSIONER, SOCIAL                 MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

### Introduction

N.E.B., Jr. ("Plaintiff") was born in 1957, has a 9th-grade education, and was previously employed as an auto mechanic.  He applied for disability benefits based on  back pain and other health problems.  ALJ Romona Scales held a hearing and issued a written decision that denied the claim.  The Appeals Council denied a request for review.  Plaintiff then filed this civil action to seek judicial review of the Commissioner's final decision.  For the reasons that follow, it is recommended that the decision be affirmed.

### Summary of the ALJ's Decision

The ALJ analyzed Plaintiff's claim under the five-step sequential analysis established in the regulations. It requires the ALJ to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.  The claimant bears the burden of

showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff had not engaged in substantial gainful activity (step one) since his alleged onset of disability in December 2008.  She next found that Plaintiff had the following severe impairments (step two):  arthralgias, chronic pain in thoracic and low back areas, history of rheumatoid arthritis, and hypertension.  She found that the impairments were not so severe as to meet or equal a listed impairment, which would require an immediate finding of disabled without regard to the applicant's age, education, or work experience.

Before moving to the final two steps, the ALJ assessed the evidence and determined Plaintiff's residual functional capacity ("RFC").  She found that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 416.967(b), except he is limited to sitting for six hours in an eight-hour workday, standing and walking for four hours in a workday; occasional balancing, stooping, crouching, crawling, kneeling, and climbing; no climbing of ladders, ropes or scaffolds; frequent reaching, handling, fingering, or feeling; no exposure to hazards and driving; and requires a sit/stand option at will.

A vocational expert ("VE") testified that a person with Plaintiff's RFC could not perform the demands of his past relevant work (step four) as a mechanic, which was performed at the medium level.  The ALJ asked the VE if there were other jobs available in significant numbers in the national economy (step five) that Plaintiff could perform.  The VE

identified the jobs of companion and document preparer.  The ALJ accepted that testimony and found at step five that Plaintiff was not disabled.

**Issues on Appeal; Standard of Review**

Plaintiff lists two issues on appeal.  He contends that the ALJ did not properly evaluate the medical opinion evidence in determining his RFC and, at step five, should have looked to the Medical Vocational Guidelines for sedentary work rather than testimony from a VE.  In reviewing these issues, this court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).  "Substantial evidence is more than a scintilla and less than a preponderance.  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Evaluation of Medical Opinions**

Plaintiff attacks the RFC assessed by the ALJ, particularly as it relates to limitations stemming from his back pain, because it does not match the opinion of any physician who examined Plaintiff or his records.  Dr. Theresa Rinderle, Plaintiff's primary care physician, saw him a number of times for complaints of back pain and nerve pain radiating down the right leg.  She prescribed medications including Celestone and Lortab.  See, e.g., Tr. 271-72.  An MRI taken in April 2009 found compression fractures of T3, T4, and T8 vertebral bodies,

as well as some increasing signal within T4 and T8, which indicated an acute or subacute compression fracture.  Tr. 338.

Dr. Clinton McAlister, an orthopedic surgeon, conducted a consultative examination in June 2009. Dr. McAlister reviewed medical records from Dr. Rinderle, LSU Medical Center, and physical therapist Steve Allison.  Dr. McAlister observed that Plaintiff had little difficulty getting from the supine to sitting position, or from sitting to standing.  He also had little difficulty with bending, but slight problems with squatting.  Plaintiff was found to be capable of toe walking, heel walking, and tandem walking, but he was observed to walk with a cane with a slight limp on the left.  He had a full range of motion of the shoulders and arms, no spasm or radicular findings in the cervical spine, and full strength of the wrists and hands. Straight-leg raise tests, sitting and supine, were negative.  Plaintiff's legs were of equal length, and he had full range of motion of hips, knees, and ankles.  An X-ray of the thoracic spine revealed evidence of an old 25% compression of T8, T9, and T11, with no evidence of degenerative arthritis.  An X-ray of the lumbar spine revealed well preserved disk spaces with no evidence of any compression fractures.  Dr. McAlister concluded that Plaintiff's "objective findings did not substantiate the severity of his subjective complaints."  He opined that Plaintiff could perform work "at a restricted light duty activity level range with no prolonged standing, walking, or sitting with frequent changes of position every 30 minutes." He also stated his opinion that Plaintiff "had symptom magnification."  Tr. 340-45.

Dr. McAlister also completed a Medical Source Statement form.  He checked boxes to indicate Plaintiff's limitations, including that he could sit one hour without interruption,

for a total of six hours in a workday.  He indicated that Plaintiff could stand or walk only 30 minutes at a time, for totals of one hour per day for each activity.  He also indicated that Plaintiff needs a cane to ambulate more than 100 feet, but when asked if the cane was medically necessary he wrote, "questionable."  Tr. 347-52.

The ALJ wrote that she had "given great weight" to the opinion of Dr. McAlister, as he is a specialist in orthopedics and actually examined Plaintiff and reviewed the record.  She added that his opinion was consistent with the longitudinal medical record and with that of state agency medical consultant Dr. Gerald Dzurik.  Tr. 21.  The state agency consultant conducted his review in January 2009, a few months before Plaintiff saw Dr. McAlister, so he did not have the benefit of the McAlister report.  He found that Plaintiff could, with normal breaks, stand/walk or sit for totals of about six hours in a workday.  Tr. 307.

Physical therapist Steve Allison examined Plaintiff once before the hearing and found that he could not return to his past relevant work but could perform light work, subject to a number of specific functional limitations.  Tr. 223-6.  The ALJ stated that this opinion was given "limited weight" because it was issued after a single examination, appeared to focus on ability to do past work, and had little regard for the standard of disability used by the Agency.  Tr. 21.

Determining a claimant's RFC is the ALJ's responsibility. Ripley v. Chater, 67 F.3d 552, 557 (5th Cir.1995). "The ALJ he has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." Gonzales v. Astrue, 231 Fed. Appx. 322, 324 (5th Cir. 2007). This includes the authority "to determine the credibility of

medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir.1990), quoting Scott v. Heckler, 770 F.2d 482, 485 (5th Cir.1985).

The full range of light work requires standing or walking, off and on, for a total of approximately six hours in a workday.  The ALJ found that Plaintiff was limited to standing and walking for only four hours in a workday.  Plaintiff points out that this does not square with Dr. McAlister's finding that he can do so for only one hour per day or with the opinion of Dr. Dzurik who found that Plaintiff can stand and walk for six hours in a workday.  He contends that because there is no medical opinion which the ALJ "has adopted as her own," then she has substituted her own medical judgment.  The Fifth Circuit in Ripley faulted the ALJ for assessing the claimant's ability to lift, stand, etc. when there was a vast amount of medical evidence establishing a back problem but the record did not clearly reflect the effect on the claimant's condition and ability to work.  That is not the situation in this case.  Here, we have specific evidence from two medical sources regarding the effect Plaintiff's back problem has on his functional abilities.  The ALJ carefully considered all of the medical evidence.  She noted that Dr. McAlister and Dr. Dzurik's opinions were consistent with each other, and that is generally true.  There are, as Plaintiff has pointed out, differences in the assessments with regard to particular limitations, but the physicians' general assessments of Plaintiff's condition were similar.  The ALJ did not fully embrace the particular findings of either source.  Her RFC for a reduced range of light work reflected a greater ability than found by Dr. McAlister but a lesser ability than the opinion of Dr. Dzurik.

That her RFC does not line up squarely with one of the source opinions does not deprive it of substantial evidence. No doctor's opinion is, alone, conclusive as to the RFC, and "the ALJ's RFC assessment need not match with precision to any medical source opinion." Cunningham v. Astrue, 2011 WL 3651026, *7 (D. Utah 2011). The ALJ is not confined to picking one opinion and adopting it.  Like a trial judge or jury, she may weigh the competing opinions, take into consideration all of the other evidence of record, and make a finding that may not be exactly the same as the opinion of any one medical source.  So long as her finding is supported by substantial evidence, it is not subject to reversal. See MKW v. Commissioner, 2012 WL 2930461, *3 (W.D. La. 2012); French v. Commissioner, 2009 WL 249709 (W.D. La. 2009). That is the case here, where the ALJ quite reasonably assessed the evidence of record.


**Step Five**

At the fifth step, determining whether Plaintiff is able to perform work that is available in the national economy, the Commissioner may meet the agency's burden of proof by looking to the Medical Vocational Guidelines found at 20 C.F.R. §404, Sub-part P, Appendix 2.  The Commissioner may rely exclusively on the Guidelines if his condition corresponds to criteria in the Guidelines and (1) the claimant suffers only from exertional impairments or (2) the claimant's nonexertional impairments do not significantly affect his RFC.   Id. § 404.1569; Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).   If

nonexertional impairments do significantly affect the plaintiff's RFC, the Commissioner may look to the Guidelines for <u>guidance</u> but must also look to expert vocational testimony or other similar evidence to meet his burden of proving that such jobs exist.  <u>Fraga</u>, <u>supra</u>. Similarly, the Commissioner may not rely solely on the Guidelines if exertional limitations prevent the claimant from doing the full range of work specified in his assigned RFC category. <u>Malley v. Astrue</u>, 2012 WL 520168, \*7 (E.D. La. 2012).

Plaintiff argues that the additional limitations placed on his ability to perform light work erodes the occupational base for light work to the extent that the ALJ should have looked to the guidelines for the less-demanding sedentary work.  He cites Social Security Ruling 83-12, which discusses what to do when an exertional capacity falls between two exertional levels and a finding of disabled is directed if the lesser-level guideline is followed.

This is not a case where the ALJ looked solely to the guidelines for the step-five decision.  Rather, the ALJ heard testimony from a VE, which Ruling 83-12 states  is advisable for cases where the degree of limitation is somewhat "in the middle."  The VE identified the representative job of document preparer, which is unskilled and sedentary. (The ALJ also identified the job of companion, but the Government states in its brief that it restricts its defense of the sufficiency of the evidence to the document preparer job.)  The ALJ  performed correctly when, faced with a claimant with an RFC for less than the full range of light work, she solicited VE testimony.  She was not required to look only to the guidelines for sedentary work simply because the claimant could not perform all requirements of light work.  This is precisely the procedure that is followed routinely in

similar cases. See Malley, 2012 WL 520168, *7 ("Because Malley is limited to less than a full range of light work, the ALJ properly used the testimony of a vocational expert to determine what work Malley is capable of performing.").  Plaintiff has not cited any legal authority that would require a different approach in his case.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of August, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE